IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OSCAR DIAZ,<br><br> Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br> Respondent. | Cv. No. 2:16-cv-02804-STA-dkv<br>Cr. No. 2:13-cr-20166-01-STA |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Oscar Diaz, Bureau of Prisons register number 25915-076, an inmate at the Federal Correctional Institution Medium in Yazoo City, Mississippi. (§ 2255 Mot., ECF No. 1.) For the reasons stated below, the Court **DENIES** the § 2255 Motion.

I.   PROCEDURAL HISTORY

 A.   **Criminal Case Number 2:13-cr-20166**

On May 14, 2013, a federal grand jury returned a single-count indictment charging that, on or about May 10, 2013, Diaz and Lazaro Balderas attempted to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. (Indictment, ECF No. 1.) According to the presentence report ("PSR"), the case arose when fifteen kilograms of cocaine were discovered in a car

stopped at a border checkpoint in Luna County, New Mexico. (PSR ¶ 5.) The driver advised the border agents that she was delivering the cocaine to a person in Memphis, Tennessee, who was later discovered to be Diaz. (*Id.* ¶¶ 6-11.) Balderas was Diaz's "right hand man." (*Id.* ¶ 12.)

Pursuant to a written plea agreement, Diaz appeared before this Judge on September 26, 2013, to plead guilty to the sole count of the indictment. (Min. Entry, ECF No. 31; Plea Agreement, ECF No. 32.) At a hearing on January 13, 2014, the Court sentenced Diaz to a term of imprisonment of seventy-two months, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 40.)[1] Judgment was entered on January 14, 2014. (J. in a Criminal Case, ECF No. 41 (sealed).) Diaz did not take a direct appeal.

On December 29, 2014, Diaz filed a *pro se* motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the sentencing guidelines. (Mot. for Reduction of Sentence, ECF No. 43.) On February 27, 2015, the Federal Defender filed a similar motion on behalf of Diaz. (Def.'s Consent Mot. to Reduce Sentence, ECF No. 47.) On February 27, 2015, the Court granted the motions and reduced Diaz's sentence to fifty-nine months. (Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 48 (sealed).)

---

[1] The 2013 edition of the *Guidelines Manual* was used to compute Diaz's sentence. (PSR ¶ 17.) Pursuant to § 2D1.1(c)(4) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for a drug offense involving at least 5 kilograms but less than 15 kilograms of cocaine is 32. The Court rejected the recommendation in the PSR that Diaz receive a two-point enhancement for being a manager or supervisor in a criminal activity that involved fewer than five participants. U.S.S.G. § 3B1.1(c). The Court also agreed with the defense that Diaz was eligible for the "safety valve" reduction in U.S.S.G. § 5C1.2 and, consequently, awarded him a two-level reduction, *id.* § 2D1.1(b)(16). After a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, the total offense level was 27. Given Diaz's criminal history category of I, the guideline sentencing range was 70-87 months.

B.      Civil Case Number 2:16-cv-02804

On October 6, 2016, Diaz filed his *pro se* § 2255 Motion, accompanied by a legal memorandum. (§ 2255 Mot., ECF No. 1; Mem. of Law in Supp. of § 2255 Mot., ECF No. 1-1.) The sole issue presented in the § 2255 Motion is whether,

> PURSUANT TO THE NEW AMENDMENT 794 TO USSG § 3B1.1, MOVANT'S SENTENCE IS ENTITLED TO RELIEF BASED ON A RETROACTIVE AMENDED § 3B1.2 THAT A DEFENDANT WHO DOES NOT HAVE A PROPRIETARY INTEREST IN THE CRIMINAL ACTIVITY AND WHO IS SIMPLY BEING PAID TO PERFORM CERTAIN TASKS, SHOULD BE CONSIDERED FOR THE REDUCTION, AND THE FACT THAT A DEFENDANT PERFORMS AN ESSENTIAL OR INDISPENSABLE ROLE IN THE CRIMINAL ACTIVITY IS NOT DETERMINATIVE[.]

(§ 2255 Mot. at PageID 4, ECF No. 1; *see also* Mem. of Law in Supp. of § 2255 Mot. at 2-4, ECF No. 1-1.)

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section

2255 Proceedings for the United States District Courts ("§ 2255 Rules"). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. ANALYSIS OF MOVANT'S CLAIM

In his § 2255 Motion, Diaz seeks a reduction of his sentence under Amendment 794 to the sentencing guidelines, which took effect on November 1, 2015. That amendment clarified the circumstances in which § 3B1.2, which provides an adjustment of 2, 3, or 4 levels for a defendant who plays a part in committing the offense that makes him "substantially less culpable than the average participant," may be applied. Under the amendment, the defendant is to be compared with other participants "in the criminal activity," rather than to the universe of persons participating in similar crimes. Diaz argues that he is entitled to receive a two-level reduction as a "minor participant." (Mem. of Law in Supp. of § 2255 Mot. at 4, ECF No. 1-1.)

Diaz is not entitled to relief. The § 2255 Motion does not allege an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid. *See supra* p. 3. Ordinarily, errors in the application of the sentencing guidelines are not cognizable under § 2255. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also United States v. Lankford*, Nos. 99-5870, 99-6075, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) ("Technical violations of the federal sentencing

guidelines will not warrant [§ 2255] relief."); *United States v. Norfleet*, No. 98-1311, 1999 WL 1281718, at *5 (6th Cir. Dec. 28, 1999) ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors."); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) ("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal."). Diaz does not argue that his sentence was incorrect when it was imposed. Therefore, he is not entitled to relief under 28 U.S.C. § 2255. *United States v. Brock*, Nos. 1:13-cr-025(6), 1:16-cv-881, 2016 WL 4527477, at *1-2 (S.D. Ohio Aug. 30, 2016) (report and recommendation); *United States v. Brandstetter*, Nos. 6:13-CR-7-DCR-REW-6, 6:16-CV-43-DCR-REW, 2016 WL 4501431, at *6 (E.D. Ky. Aug. 3, 2016) (report and recommendation), *adopted*, 2016 WL 4501465 (E.D. Ky. Aug. 26, 2016).

The proper vehicle for an inmate to obtain a sentence reduction because of a change in the sentencing guidelines is 18 U.S.C. § 3582(c)(2). *United States v. Logan*, Nos. 5:16 CV 1461, 5:12 CR 286, 2016 WL 5338060, at *5 (N.D. Ohio Sept. 22, 2016); *United States v. Gillispie*, Nos. 5:12-CR-29-JMH-REW, 5:16-CV-316-JMH-REW, 2016 WL 5402781, at *1 (E.D. Ky. Aug. 26, 2016) (report and recommendation), *adopted*, 2016 WL 5419432 (E.D. Ky. Sept. 26, 2016). Even if the Court were, in the interest of judicial economy, to construe Diaz's § 2255 Motion as a motion under 18 U.S.C. § 3582(c)(2), Diaz would not be entitled to relief.

Section 3582(c)(2) authorizes a reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*) . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a)

provides that the court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, No. 15-2405, 2016 WL 5956726, at *3 (6th Cir. Oct. 14, 2016); *see also United States v. Watkins*, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing U.S.S.G. § 1B1.10(a)(2)(B)). Because Amendment 794 is not listed in U.S.S.G. § 1B1.10(d), Diaz is not entitled to relief under § 3582(c)(2). *Logan*, 2016 WL 5338060, at *5; *Gillispie*, 2016 WL 5402781, at *2.[2]

Finally, even if Amendment 794 were applicable, Diaz has not demonstrated that he would qualify as a "minor participant." A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 application note 5. However, "an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment." *Id.* application note 2. The only other person charged for the offense was Balderas, who the PSR describes as Diaz's "right hand man." The other individual involved was a "cooperating defendant" who was a drug courier for Diaz. (PSR ¶¶ 5-9.) The

---

[2] Diaz's reliance on the Ninth Circuit's decision in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), is misplaced. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 applies retroactively to cases on direct appeal. *Id.* at 522, 523. The Sixth Circuit recently issued a similar decision. *See United States v. Carter*, Nos. 15-3618, -3643, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016). These decisions do not address whether Amendment 794 is retroactively applicable to cases on collateral review. *See Aguas-Landaverde v. United States*, Case No. 2:16-CV-00854, Crim. No. 2:15-CR-00183(2), 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016) (report and recommendation); *Gillispie*, 2016 WL 5402781, at *2 n.4.

Court is not persuaded that Diaz is substantially less culpable than Balderas or the cooperating defendant. Therefore, he is not entitled to a reduction under U.S.S.G. § 3B1.2.

\* \* \* \*

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Movant's conviction and sentence are valid and, therefore, his § 2255 Motion is DENIED. Judgment shall be entered for the United States.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537

U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Movant on the issue raised in his § 2255 Motion does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

---

[3] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

IT IS SO ORDERED this 27th day of October, 2016.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE